IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 13-CV-1240 |
| v. ) ) | COMPLAINT |
| STAR TRANSPORT, INC. ) ) | |
| Defendant. ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Mahad Abass Mahamed (formerly known as Mahad Aden) and Abdikarim Hassan Bulshale (formerly known as Abdikarim Ismail) who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Star Transport, Inc., violated Title VII by failing to provide Mahad Mahamed and Abdikarim Bulshale a reasonable accommodation and by firing them because of their sincerely held religious beliefs.

## JURISDICTION AND VENUE

1.  This action is brought by the EEOC to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2.  This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil

1

Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Central District of Illinois, Peoria Division.

## PARTIES

5. Plaintiff, EEOC, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. At all relevant times, Defendant Star Transport, Inc., has continuously been a corporation doing business in the State of Illinois and the city of Morton, Illinois.

7. At all relevant times, Defendant Star Transport, Inc., has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant Star Transport, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Mahad Abass Mahamed (formerly known as Mahad Aden) and Abdikarim Hassan Bulshale (formerly known as Abdikarim Ismail) filed charges of discrimination with the Commission alleging violations of Title VII by Star Transport, Inc.

10. On September 24, 2012, EEOC found reasonable cause to determine that Star Transport, Inc. violated Title VII by failing to provide Mahad Mahamed and Abdikarim Bulshale

with a reasonable accommodation and by terminating them because of their religion.

11.     On September 24, 2012, EEOC invited Star Transport, Inc. to engage in informal conciliation efforts to eliminate the practices found unlawful.

12.     By letter dated December 17, 2012, EEOC informed Star Transport, Inc. that EEOC was unable to secure from Star Transport, Inc. a conciliation agreement acceptable to the EEOC.  All conditions precedent to the institution of this lawsuit have been fulfilled.

13.     In 2009, Defendant engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  Such unlawful employment practices include failing to accommodate Mahad Mahamed and Abdikarim Bulshale on the basis of their religion, Islam, by requiring them to transport alcohol against their sincerely held religious belief that such an act violated Islamic law.  Defendant then unlawfully terminated Mahad Mahamed and Abdikarim Bulshale because of their sincerely held religious beliefs.

14.     The result of the practices complained of in paragraph 13 has been to deprive Mahad Mahamed and Abdikarim Bulshale of equal employment opportunities and otherwise adversely affect their status as employees because of their religion.

15.     The unlawful employment practices complained of above were intentional.

16.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mahad Mahamed and Abdikarim Bulshale.

### PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any

employment practices which discriminate on the basis of religion;

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of religion, and which eradicate the effects of its unlawful employment practices;

  C. Order Defendant to make Mahad Mahamed and Abidikarim Bulshale whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant to make whole Mahad Mahamed and Abdikarim Bulshale by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, including, but not limited to, medical expenses and job search expenses, in amounts to be determined at trial;

  E. Order Defendant to make whole Mahad Mahamed and Abdikarim Bulshale by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

  F. Order Defendant to pay Mahad Mahamed and Abdikarim Bulshale punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

  G. Prohibit Defendant from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit;

  H. Grant such further relief as this Court deems necessary and proper in the public

interest; and

  I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

        Respectfully submitted,

        P. David Lopez
        General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        /s/ John C. Hendrickson
        John C. Hendrickson
        Regional Attorney

        /s/ Diane I. Smason
        Diane I. Smason
        Supervisory Trial Attorney

        /s/ Aaron R. DeCamp
        Aaron R. DeCamp
        Trial Attorney

        Equal Employment Opportunity Commission
        500 West Madison Street, Suite 2000
        Chicago, Illinois  60661