IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13-cv-1240 ) |
| STAR TRANSPORT, INC., | ) ) |
| Defendant, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant's Motion to Compel EEOC's Outstanding Discovery (d/e 25). Under the Scheduling Order entered in this case (d/e 13), expert discovery was to be completed by May 30, 2014. By text order of Chief U.S. District Judge Shadid, the fact discovery deadline was extended to May 31, 2014. (Text Order, 3/14/2014)

On May 30, 2014, Defendant Star Transport, Inc. (Star) filed Defendant's Motion to Compel EEOC's Outstanding Discovery (d/e 25) (Motion to Compel). On June 16, 2014, Plaintiff Equal Employment Opportunity Commission (EEOC) filed its Response (d/e 29) to the Motion to Compel.

A Motion for Settlement Conference was filed by Star (d/e 24), and was granted (Text Order, 6/20/2014). On July 8, 2014, the Joint Motion of the Parties to Extend Dispositive Motion Deadline and EEOC's Motion to Extend the Final Pretrial Conference Date (d/e 31) was allowed in part. The dispositive motion deadline of July 15, 2014 was vacated and the final pretrial conference set for October 17, 2014 was cancelled. Both of these were to be reset if necessary after the August 5, 2014 hearing before Chief Judge Shadid. (Text Order, 7/8/2014)

On August 5, 2014, a settlement conference was held before Chief Judge Shadid. A settlement was not reached. Chief Judge Shadid ordered that a telephone hearing be set at a later date regarding pending motions and setting a new dispositive motion deadline and pretrial / jury trial dates. The case was then referred to U.S. Magistrate Judge Tom Schanzle-Haskins for pending motions and scheduling. The Motion to Compel was one of the pending motions.

The Scheduling Order entered in this case (d/e 13) provided, as is pertinent to this motion, as follows:

> Motions to compel and other motions relating to discovery shall
> be pursued in a diligent and timely manner, but in no event filed
> more than sixty (60) days following the event . . . that is the
> subject of the motion. The parties are required to meet and
> confer on the discovery dispute as required by Rule 37(a) within
> the 60-day period. Except for good cause shown, any

> discovery motion that it not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court. . . . All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute. If the certification is not included, the motion to compel will be denied.

In the Motion to Compel filed by Star, defense counsel makes several representations. First, defense counsel indicates that Star did not file an immediate motion to compel because defense counsel prefers to always try to work out discovery issues between counsel prior to filing a motion. Defense counsel represented that she preferred to try to resolve discovery disputes without the expense of filing a motion to compel. Finally, defense counsel represented that Star only recently learned of some of the discovery issues as EEOC's responses were "misleading as to their completeness".

A description of the general practices of defense counsel regarding discovery is not a substitute for the specific requirements stated above and set forth in the Scheduling Order.

While counsel for the Defendant indicates that she advised the EEOC why Defendant waited to file its motion based on EEOC's actions and advised of Star's desire to try to "work it out" between counsel, the Court must consider whether the Defendant has met the requirement to meet and

confer on the specific discovery dispute as required by Rule 37(a) and the Scheduling Order within the 60-day period when the dispute arose. The Court will address each of the requests to compel outstanding discovery separately.

A.    INTERROGATORY NO. 2

The filings of the parties indicate that the interrogatory answers of EEOC were served on Star on January 9, 2014. Regarding the answer to Interrogatory No. 2, Defendant contends that EEOC's answer indicated the name of one of the charging party's current employers, but did not give the employer's address as requested. This defect would have been obvious from the interrogatory answer. There is no indication that the Defendant sought to resolve the dispute regarding the failure to provide an address by conferring with Plaintiff's counsel. The Motion to Compel is denied as to Interrogatory No. 2. Defendant did not follow the meet and confer provisions of the Scheduling Order and Rule 37.

B.    INTERROGATORY NO. 3, DOCUMENT REQUEST NOS. 2, 13

Regarding Interrogatory No. 3 and Document Requests Nos. 2 and 13, Defendant indicates it sought the total hours worked by the charging parties during their employment with Star and after their terminations by Star. EEOC objected that the interrogatory was overly broad and unduly

burdensome.  EEOC indicated it would agree to produce the charging parties' earnings from employment since the termination from Star.

From the discussion of EEOC's Response set forth in Star's Motion to Compel, it is clear that the answer to the interrogatory and documents produced did not disclose the number of hours the parties worked for Star and subsequent employers.  Apparently, what was provided was a lump sum annual amount summarized from W-2s.  Defendant knew from the information provided in Plaintiff's answers and documents produced that the number of hours worked was not disclosed.

There is no indication that Star met and conferred on the dispute regarding hours as required by Rule 37(a) and the Scheduling Order within 60 days of receipt of the interrogatory answers.

While Star indicates that it tried to supplement the information at the deposition of the charging parties and the charging parties were not able to recall all of the relevant information requested, this does not present a valid basis for not following the meet and confer provisions of the Scheduling Order.  It is unrealistic to think that individuals could recall the number of hours they worked for various employers "from January 1, 2007 to the present" at a deposition.  The Motion to Compel is denied as to Interrogatory No. 3 and Document Requests Nos. 2 and 13.

C.  INTERROGATORY NO. 8, DOCUMENT REQUEST NO. 12

Defendant seeks information regarding whether either charging party had been involved in any other litigation concerning their employment or religion and any documents relating to the same.

The objections stated in the Motion to Compel with regard to the lack of responsive answers and documents were obvious from the answer and documents produced. The Defendant provides no certification that the parties met and conferred and attempted to resolve the discovery dispute stated in the objection prior to the filing of the Motion to Compel. As the Local Rule indicates, if the certification is not included, the motion to compel will be denied.

Additionally, Plaintiff's response indicates the charging parties testified at their depositions that they have filed no other charges of discrimination against any other employer.

The Motion to Compel is denied as to Interrogatory No. 8 and Document Request No. 12.

D.  DOCUMENT REQUEST NO. 5

Defendant's Document Request No. 5 deals with documents relating to the charging parties' charges filed with the EEOC against Star. The bulk of the objection is the same objection stated in the previous request

described in paragraph C above. For the same reasons stated above, the Motion to Compel is denied as to Document Request No. 5. The alleged shortcoming of the response to the request to produce was evident at the time it was received and there was no certification that the parties met and conferred in an attempt to resolve this dispute.

E.  INTERROGATORY NO. 9

Defendant's Interrogatory No. 9 sought information regarding any branch of Islam with which the charging parties were associated. As with the other interrogatories set forth above, there is no indication that the meet and confer provisions of the Scheduling Order and Rule 37 were complied with regard to this dispute. As the Plaintiff acknowledges in its Response and the Defendant notes in its reply, Mr. Mohamed testified at his deposition that he considered himself a Sunni and the other claimant testified that he was not associated with any particular branch of Islam. The Motion to Compel is denied as to Interrogatory No. 9.

F.  INTERROGATORY NO. 10, DOCUMENT REQUEST NO. 8

This interrogatory and document request sought information regarding the charging parties' efforts to seek employment. Plaintiff's answer to Interrogatory No. 10 indicates that the charging parties were "still searching for documents related to searches for employment". The answer

noted that the charging parties used an on-line driver referral service to find employment and most, if not all, of their applications and interviews were on-line or over the phone.  EEOC indicates the charging parties have no documents associated with the applications.

It appears that counsel made no effort to follow up on this interrogatory answer even though she would have known then, as she asserts now, that it might be illogical that on-line applications would not provide documents.

Likewise, the response to Document Request No. 8 indicated that the Plaintiff would produce information regarding the charging parties' attempts to obtain employment after their termination with the Defendant.  Again, apparently no inquiry was made, prior to the filing of the Motion to Compel, regarding production of these documents.  The Motion as to Interrogatory No. 10 and Document Request No. 8 is denied due to the failure of Defendant to follow the meet and confer provisions of the Scheduling Order and Rule 37.

G.    DOCUMENT REQUEST NO. 7

Document Request No. 7 sought the charging parties' tax returns for the years 2007 through the present.  The Plaintiff indicates in its Response that the Plaintiff knew, in advance of Defendant's filing the Motion to

Compel, that there was a disagreement about the production of the charging parties' tax returns. While Plaintiff states it was aware of the tax return issue, it alleges that Star refused to engage in any discussion about ways to resolve the matter without Court involvement.

Plaintiff's response to Document Request No. 7 referred the Defendant to Plaintiff's response to Document Request No. 6. (Request No. 6 requested all documents identifying, concerning, or referring to monies received by the claiming parties.) Plaintiff's response to Document Request No. 6 provides: "Without waiving the above-stated objections, produced herewith are the documents in charging parties' possession, custody, or control relating to the post-Star Transport employment income."

Defendant's Motion to Compel indicates, at the depositions of the charging parties on May 8th and 9th, the charging parties indicated that they had produced their tax returns to the EEOC and did not know why the EEOC failed to produce them.

Defendant indicates that EEOC's discovery response implied that everything in the charging parties' custody or control was being produced. The Court agrees that the answer quoted above in Document Request No. 6, which is referred to in Document Request No. 7, could lead to that conclusion and, consequently, the Defendant did not know until the

depositions that the income tax returns in possession of Plaintiff had not been produced.

The Plaintiff's response indicates that Plaintiff produced "all available W-2 forms".  It does not indicate what W-2 forms were available.  Plaintiff indicates that the EEOC is only seeking back pay damages for the period between charging parties' termination and the date they started the next job.  Defendant alleges that the spotty W-2 forms produced do not provide a complete history of the employment income.

With regard to the request for production of income tax returns by the charging parties, the Defendant's Motion to Compel is granted in part as to Document Request No. 7.  The EEOC is directed to provide the charging parties' income tax returns for the period after their termination by Defendant for which the Plaintiff seeks back pay.  Those returns may show income received by the charging parties which was not reflected by the W-2 forms produced.  Consequently, Plaintiff is required to produce income tax returns of the charging parties for the period for which it seeks back pay which shows the income received by the charging parties during that period.  If information on the tax returns is not related to the receipt of income, the Plaintiff may redact that information.  If Defendant objects to the redactions, the Plaintiff shall submit the un-redacted tax returns to the

Court for an *in camera* determination as to whether or not the redacted information must be produced. Plaintiff shall produce the redacted tax returns within 15 days after the entry of this Opinion. Any objections to the redacted tax returns shall be brought to the attention of the Court within the time period set forth in the Scheduling Order when it is entered by the Court.

H. FAILURE TO VERIFY INTERROGATORY ANSWERS AND FAILURE TO PROVIDE DATES FOR RULE 30(b)(6) DEPOSITION

In the Plaintiff's Response, Plaintiff's counsel represents that EEOC has provided interrogatory verifications and scheduled the Rule 30(b)(6) deposition on June 19, 2014. Consequently, Defendant's Motion to Compel regarding the verification of interrogatory answers and failure to provide a date for Rule 30(b)(6) deposition are denied as moot.

WHEREFORE, IT IS ORDERED that Defendant's Motion to Compel EEOC's Outstanding Discovery (d/e 25) is allowed in part and denied in part as set forth above.

ENTER: August 20, 2014

                       *s/ Tom Schanzle-Haskins*
                       UNITED STATES MAGISTRATE JUDGE