# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 13-cv-1240 |
| STAR TRANSPORT, INC., | ) ) ) |
| Defendant, | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff Equal Employment Opportunity Commission's (EEOC) Motion for Partial Judgment on the Pleadings Pursuant to Fed.R.Civ.P.12(c) (Motion 20).

Plaintiff EEOC's Motion seeks partial judgment on the pleadings on two specific issues. The Motion first seeks judgment on the pleadings on the first affirmative defense asserted by Defendant Star Transport, Inc. (Star). Defendant's first affirmative defense states:

> Plaintiff's claims are barred, in whole or in part, to the extent the allegations in the Complaint exceed the scope of the allegations contained in the underlying administrative charges.

Additionally, Plaintiff also seeks partial summary judgment on the answers of the allegations contained in paragraphs 10-12 of the Plaintiff's Complaint.

It should be noted that the Plaintiff's motion was filed prior to the entry of the Court's Opinion on May 22, 2014 (d/e 22). That Opinion noted that the Court agreed that seeking information on topics regarding the conciliation process and the EEOC's investigating of the charging party's claims was irrelevant. In its Opinion, the Court noted that the question is whether the allegations of discrimination are true, not whether the EEOC followed the appropriate process, following the holding in EEOC v. Mach Mining, LLC, 738 F.3d 171, 184 (7th Cir. 2013).

Plaintiff concedes that none of Defendant's affirmative defenses allege that the EEOC failed to conciliate in good faith.

## PARTIAL JUDGMENT ON THE PLEADINGS
## REGARDING DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

Defendant argues that a plaintiff does not receive a judgment in its favor on a defendant's affirmative defense, because the affirmative defense is either granted or denied to the defendant. Based on this premise, the Defendant argues that this motion should properly have been asserted as a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure.

The Defendant contends that Rule 12(f) is the appropriate mechanism to strike a defense.  Following this logic, Star concludes a Rule 12(f) motion is time barred in this case as it must be filed within 21 days after a party being served with the pleading.

The Court disagrees with the argument made by the Defendant.  A motion for partial judgment on the pleadings on a defense is procedurally proper.  Rule 56 specifically authorizes a summary judgment on a defense. Fed.R.Civ.P. 56(a).  Rule 12 mentions Rule 56 of the Federal Rules of Civil Procedure.  Rules 12 and 56 are in *pari materia.*  Laws in *pari materia* must be construed with reference to each other.  The courts have recognized this principle and have looked to Rule 56 when construing Rule 12(c).  See In re Amica, Inc., 130 B.R. 792 (CD Ill. 1991);  Does I through III v. District of Columbia, 238 F.Supp.2d 212 (DC 2002).   The courts in both cases noted that they reached their conclusions concerning Rule 12(c) after considering the similarity between Rule 12(c) and Rule 56.[1] Defendant's argument that a plaintiff cannot receive judgment on the pleadings on a defendant's affirmative defense is without merit.

---

[1] Both Amica and Does dealt with the issue of whether a court could enter a partial judgment on the pleadings under the Federal Rules of Civil Procedure.  The cases were both decided prior to the 2010 amendment of Rule 56 to specify that a party may move for summary judgment by identifying "each claim or defense – or part of each claim or defense – on which summary judgment is sought". (emphasis added)

Likewise, Star's assertion that the EEOC cannot receive a judgment on the pleadings is also unwarranted.  Rule 12(c) provides on its face that any party, not just a defendant, may move for judgment on the pleadings.  <u>Citizens Ins. Co. of America v. Uncommon, LLC</u>, 812 F.Supp.2d 905, 913 (ND Ill. 2011).   The Motion also is not time barred.  Rule 12(c) provides that the Motion must be filed after the pleadings are closed, but early enough not to delay trial.  Plaintiff's Motion is timely filed.

Interestingly, both the Plaintiff and the Defendant cite the same case, <u>EEOC v. Caterpillar, Inc.</u>, 409 F.3d 831 (7th Cir. 2005), as dispositive of the issues raised in the motion to strike Defendant's first affirmative defense.

The Defendant argues that the block quote from <u>EEOC v. Caterpillar</u> on page four of Plaintiff's Motion stands for the proposition the EEOC is limited to the underlying investigation to determine scope of a complaint filed by the EEOC.  Based on this conclusion, the Defendant argues affirmative defense number one is viable.

The Court disagrees.  The Defendant ignores the clear holding in <u>EEOC v. Caterpillar</u>.  In the sentence following the block quote included in the Plaintiff's Motion and cited in the Defendant's response, Judge Posner states:   "If courts may not limit a suit by the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to

claims that the court finds to be supported by the evidence obtained in the Commission's investigation.  The existence of probable cause to sue is generally and in this instance not judicially reviewable."
Id. at 833.

Plaintiff is entitled, as a matter of law, to partial judgment on the pleadings regarding Defendant's first affirmative defense.

PARTIAL JUDGMENT ON THE PLEADINGS
REGARDING DEFENDANT'S ANSWERS TO PARAGRAPHS 10-12
OF PLAINTIFF'S COMPLAINT

As noted above, Plaintiff's Motion was filed prior to the entry of the Court's Opinion of May 22, 2014 (d/e 22).  In that opinion, the Court noted that the appropriateness of the EEOC's investigation was not reviewable.  The Plaintiff's argument for partial judgment on the pleadings on the Defendant's answers to paragraphs 10-12 is based upon an argument that EEOC's conciliation process is not subject to judicial review.  The Defendant, in its response to the Motion acknowledges that, in the Seventh Circuit at least, conciliation efforts are not judicially reviewable under EEOC v. Mach Mining, LLC, 738 F.3d 171 (7th Cir. 2013).

The Court, however, does not construe the Defendant's answers to assert a defense that the conciliation process is subject to judicial review.

The Defendant's answers to Plaintiff's Complaint are simply answers to facts alleged in the Plaintiff's Complaint. Answers to Plaintiff's allegations do not constitute the assertion of a defense that EEOC's conciliation process is subject to judicial review.

The answers on which Plaintiff seeks a partial judgment on the pleadings are not defenses or claims within the ambit of Rule 12(c) or Rule 56.

WHEREFORE, it is recommended that Plaintiff Equal Employment Opportunity Commission's Motion for Partial Judgment on the Pleadings Pursuant to Fed.R.Civ.P.12(c) (d/e 20) should be allowed in part and denied in part. Partial judgment should be entered in favor of the Plaintiff and against the Defendant on the Defendant's First Affirmative Defense and the First Affirmative Defense should be stricken. The Motion should otherwise be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video

<u>Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  <u>See</u> <u>Local</u> <u>Rule</u> 72.2.

ENTER: August 20, 2014


<u>*s/ Tom Schanzle-Haskins*</u>
UNITED STATES MAGISTRATE JUDGE