IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-CV-01240-JES-TSH |
| v. | ) ) ) | |
| STAR TRANSPORT, INC. | ) ) | |
| Defendant. | ) ) | |

**MOTION IN LIMINE REGARDING BACK PAY, MITIGATION OF DAMAGES, EARNINGS AT STAR TRANSPORT, AND SUBSEQUENT EMPLOYMENT**

Plaintiff, United States Equal Employment Opportunity Commission ("EEOC") hereby moves this Court for entry of an Order, *in limine,* barring testimony, evidence or argument to the jury regarding all issues related to back pay, mitigation of back pay damages (including post-Star Transport job searches), subsequent employment, and earnings at Star Transport (*e.g.*, Stipulation of Fact Nos. 68 & 69). Back pay is an equitable remedy to be decided by the court and not a jury. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 866 (7th Cir. 2003); *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 951 (7th Cir. 1998); *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1141 (7th Cir. 1994). Thus, evidence related to back pay is irrelevant to the issues decided by the jury and should be excluded under Federal Rule of Evidence 401.

Further, such evidence should be excluded under Federal Rule of Evidence 403 because it could mislead the jury into thinking it should offset back pay against its award of compensatory and/or punitive damages.

1

Lastly, Star Transport admitted to a finding against it on the affirmative defense of failure to mitigate damages. *See* Doc. No. 39, p. 12. As such, there is no reason for any testimony or evidence to be presented to the jury on the Charging Parties' mitigation efforts.

WHEREFORE, the EEOC respectfully requests that this Court enter an Order *in limine* barring reference to, evidence of, or argument to the jury regarding issues of back pay, mitigation of damages, the Charging Parties' income at Star Transport, and the Charging Parties' subsequent employment.

September 16, 2015                                    Respectfully submitted,

*s/Aaron DeCamp*
Aaron DeCamp
June Calhoun
Trial Attorneys
EEOC
500 W. Madison, Ste. 2000
Chicago, Illinois  60661
(312) 869-8106

## CERTIFICATE OF SERVICE

I, Aaron DeCamp, certify that I caused a copy of **EEOC'S MOTION IN LIMINE** to be served upon the following individual via the Court's electronic filing system on September 16, 2015:

William Kohlhase
Miller, Hall & Triggs LLC
416 Main Street, Suite 1125
Peoria, IL 61602-1161
william.kohlhase@mhtlaw.com


Dated: September 16, 2015          /s/ Aaron DeCamp
                                   Aaron DeCamp