IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 13-CV-01240-JES-TSH |
| v. ) ) ) | |
| STAR TRANSPORT, INC. ) ) | |
| Defendant. ) ) | |

**SUPPLEMENTAL AUTHORITY TO SUPPORT EEOC'S MOTION *IN LIMINE* REGARDING BACK PAY, MITIGATION OF DAMAGES, EARNINGS AT STAR TRANSPORT, AND SUBSEQUENT EMPLOYMENT**

At the final pre-trial conference held telephonically on September 30, 2015, in response to EEOC's Motion *in Limine*, Star Transport argued that the jury should be entitled to hear evidence regarding the Charging Parties' back pay damages because it relates to the amount of "actual harm" caused by the discrimination, which in turn should affect any punitive damages award. According to Star Transport, it intends to argue that because the Charging Parties are low-wage earners and both obtained employment shortly after their unlawful terminations, their back-pay is minimal, which means that the harm they experienced was also minimal, and therefore Defendant's exposure to punitive damages should be limited. This argument is not only contrary to law, but it will likely confuse the jury about how to calculate punitive damages.

Under Star Transport's theory, punitive damages are proportionally related to the lost wages caused by the discrimination. But this misconstrues what the Supreme Court and the Seventh Circuit have determined to be "actual harm." *See* 7th Cir. Pattern Civil Jury Instruction 3.13 (2015).

1

According to the Supreme Court, one guidepost for assessing punitive damages could be the ratio between punitive damages and "the actual harm inflicted on the plaintiff." *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 580 (1996). In *Gore*, however, the Supreme Court defined "actual harm" as compensatory damages, not back-pay. *Id.*

Moreover, under Title VII, there is a statutory limit - in this case, $300,000 - to the amount of punitive and compensatory damages that can be awarded to each Charging Party. 42 U.S.C. § 1981a(b)(3)(D). Star Transport's argument about any relationship between compensatory and punitive damages, to the extent it is motivated by due process concerns, is misplaced. *See Lust v. Sealy, Inc.*, 383 F.3d 580, 590 (7th Cir. 2004) ("When Congress sets a limit, and a low one, on the total amount of damages that may be awarded, the ratio of punitive to compensatory damages in a particular award ceases to be an issue of constitutional dignity").

Back pay is an equitable remedy, and it must be decided by the court, not a jury. *See David v. Caterpillar, Inc.,* 324 F.3d 851, 865 (7th Cir.2003)("The district court has broad equitable discretion to fashion back pay awards to make the Title VII victim whole"). Punitive damages, on the other hand, are intended to punish a wrongdoer for outrageous conduct and to deter others from engaging in similar conduct. *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1352 (7th Cir. 1995). By conflating equitable remedies with punitive damages, Star Transport will likely confuse the jury about how to calculate punitive damages.

For example, if it took the Charging Parties years to find subsequent employment, their back pay damages could have been tens of thousands of dollars each. In that situation, Star Transport would assuredly argue that the amount of back pay should *not* be related to a punitive damages award. Holding otherwise would mean that high wage earners and employees slower to obtain

subsequent employment would somehow be more entitled to punitive damages than low wage earners and those who are able to find work quickly. This cannot be and is not the law.

WHEREFORE, the EEOC respectfully requests that this Court enter an Order *in limine* barring reference to, evidence of, or argument to the jury regarding issues of back pay, mitigation of damages, the Charging Parties' income at Star Transport, and the Charging Parties' subsequent employment.

October 7, 2015                                         Respectfully submitted,

*s/Diane I. Smason*
Diane I. Smason
June Calhoun
Aaron DeCamp
Trial Attorneys
EEOC
500 W. Madison, Ste. 2000
Chicago, Illinois  60661
(312) 869-8120

**CERTIFICATE OF SERVICE**

I, Diane I. Smason, certify that I caused a copy of **EEOC'S SUPPLMENTAL AUTHORITY TO ITS MOTION IN LIMINE** to be served upon the following individual via the Court's electronic filing system on October 7, 2015:

> William Kohlhase
> Miller, Hall & Triggs LLC
> 416 Main Street, Suite 1125
> Peoria, IL 61602-1161
> william.kohlhase@mhtlaw.com

Dated: October 7, 2015        *s/ Diane I. Smason*
                              Diane I. Smason